An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-1356
NORTH CAROLINA COURT OF APPEALS

Filed:  29 July 2014

STATE OF NORTH CAROLINA

    v.                                    Wake County
                                         No. 12 CRS 208506

ANTHONY CRAIG WALKER,
    Defendant.


Appeal by defendant from judgment entered 3 May 2013 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 19 May 2014.

> *Roy Cooper, Attorney General, by J. Aldean Webster III, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by Jon H. Hunt, Assistant Appellant Defendant, for defendant-appellant.*

MARTIN, Chief Judge.


Defendant Anthony Craig Walker appeals from a judgment entered upon a jury verdict finding him guilty of trafficking opium by possession, trafficking opium by transportation, and maintaining a vehicle for the purpose of keeping or selling controlled substances.  We find no error in defendant's trial.

On 15 April 2012, defendant was stopped for a traffic

violation. After learning that neither defendant nor the passenger in the vehicle possessed a valid driver's license, the police officer advised defendant that someone would need to come pick them up. When the officer then inquired about the odor of marijuana emitting from the vehicle, defendant admitted he and the passenger had smoked marijuana in the vehicle earlier that evening. As a result, the officer ordered both men to step out of the vehicle and conducted a search of the vehicle. Search of the vehicle revealed two prescription pill bottles for oxycodone and oxycodone/acetaminophen, 39 tablets of oxycodone/acetaminophen, and two empty "prescription bags" for 180 tablets of oxycodone and 60 tablets of oxycodone/acetaminophen made out to Kvonne Howard. Police also searched defendant's person and found three tablets of oxycodone/acetaminophen and 382 dollars in his pocket.

On 3 May 2013, a jury convicted defendant of trafficking opium by possession, trafficking opium by transportation, and maintaining a vehicle for the purpose of keeping or selling controlled substances. Defendant was sentenced to a consolidated term of 70 to 84 months imprisonment. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the

admission of the following testimony referring to defendant's exercise of his constitutional rights to remain silent and to request counsel was plain error entitling him to a new trial:

> Q. Okay. And apart from the statements he made to you before his arrest, did he make any other statements to you after his arrest?
>
> A. No, he did not.
>
> . . . .
>
> Q. [THE STATE]: To your knowledge, was Mr. Walker given his Miranda rights?
>
> A. Yes, he was.
>
> Q. And to your knowledge, did he make any other statement?
>
> A. He did not make any other statement.
>
> Q. Did he request a lawyer at that time?
>
> A. Yes.
>
> Q. So he was given an opportunity at that point?
>
> [DEFENSE COUNSEL]: Objection, Your Honor.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: Ask to strike.
>
> THE COURT: Motion to strike allowed. Members of the jury, you will disregard that previous question.

"[A] defendant's exercise of his constitutionally protected rights to remain silent and to request counsel during

interrogation may not be used against him at trial." *State v. Elmore*, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994). Admission of testimony regarding a defendant's invocation of his or her constitutional rights therefore constitutes error, and such a constitutional error warrants a new trial unless it can be shown that the error was harmless beyond a reasonable doubt. *State v. Christian*, 180 N.C. App. 621, 624, 638 S.E.2d 470, 472 (2006), *cert. denied*, 362 N.C. 178, 658 S.E.2d 658 (2008). However, "harmless error review applies only when the defendant preserves the issue for appeal by timely objecting at trial." *State v. Lawrence*, 365 N.C. 506, 513, 723 S.E.2d 326, 331 (2012).

Defendant concedes he did not object to the admission of the testimony on constitutional grounds at trial and thus urges this Court to consider this issue for plain error. "[P]lain error standard of review applies on appeal to unpreserved instructional or evidentiary error," *id.* at 518, 723 S.E.2d at 334, and unpreserved constitutional error "will not be considered for the first time on appeal, not even for plain error." *State v. Gobal*, 186 N.C. App. 308, 320, 651 S.E.2d 279, 287 (2007) (citation omitted), *aff'd per curiam*, 362 N.C. 342, 661 S.E.2d 732 (2008). Nonetheless, in *State v. Moore*, 366 N.C. 100, 104-06, 726 S.E.2d 168, 172-73 (2012), our Supreme Court

considered this constitutional issue——seemingly treating it as "unpreserved evidentiary error"——for plain error.

"For unpreserved evidentiary error to be plain error, the defendant has the burden to show that after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* at 106, 726 S.E.2d at 173 (internal quotation marks omitted). In ascertaining whether the admission of testimony regarding a defendant's exercise of his or her constitutional rights to remain silent and to request counsel constitutes plain error, we consider the following factors: (1) whether there was substantial evidence of the defendant's guilt; (2) whether the testimony was directly elicited by the State; and (3) whether the State emphasized or capitalized on the testimony through mention in its closing argument or cross-examination of the defendant. *See id.* at 106-09, 726 S.E.2d at 173-75. Furthermore, questioning by the State that references a defendant's invocation of his or her constitutional rights but merely serves to explain the chronology of events surrounding the defendant's arrest does not warrant a new trial. *See Christian*, 180 N.C. App. at 624, 638 S.E.2d at 472.

Assuming, *arguendo*, the trial court erred in admitting the testimony referring to defendant's exercise of his

constitutional rights, defendant has failed to show that the error had a probable impact on the jury's verdict. The State presented overwhelming evidence of defendant's guilt. In addition, the record reveals that the reference to defendant's invocation of his constitutional rights was *de minimis*. The State elicited the contested testimony but did so to establish the chronology of the events surrounding defendant's arrest and made no attempt to emphasize or capitalize on the testimony. We therefore conclude the admission of the testimony referring to defendant's exercise of his constitutional rights to remain silent and to request counsel did not rise to the level of plain error.

No Error.

Judges STEELMAN and DILLON concur.

Report per Rule 30(e).